IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES MINCOFF,
    Petitioner,

vs.                                            Case No.:  3:18cv1290/RV/EMT

WILLIAM L. WOODS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's Amended Petition, filed pursuant to 28 U.S.C. § 2241 (ECF No. 3).  Respondent seeks dismissal of the petition for lack of jurisdiction (ECF No. 8).   Petitioner responded in opposition to the motion to dismiss (ECF No. 10).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that the habeas petition should be dismissed for lack of jurisdiction.

I.      BACKGROUND AND PROCEDURAL HISTORY

Petitioner does not dispute Respondent's description of the background of this case.  Petitioner was charged in the United States District Court for the Southern

District of California with one count of conspiracy to distribute cocaine (Count 1), one count of attempted distribution of cocaine (Count 2), and two counts of unlawful use of a communication facility (Counts 3 and 4) (*see* ECF No. 8 at 1–2). *See* United States v. Mincoff, No. 3:06cr01241-DMS-3, Superseding Indictment, ECF No. 108 (S.D. Cal. June 26, 2007). On August 23, 2007, a jury found Petitioner guilty as charged (*see id.*). *See* Mincoff, Jury Verdict, ECF No. 153 (S.D. Cal. Aug. 23, 2007). On February 1, 2008, the court sentenced Petitioner to terms of 240 months of imprisonment on Count 1, 240 months of imprisonment on Count 2, 96 months of imprisonment on Count 3, and 96 months of imprisonment on Count 4, with all sentences running concurrently (*see id.* at 2). *See* Mincoff, Judgment, ECF No. 212 (S.D. Cal. Feb. 1, 2008). Petitioner filed a direct appeal in the Ninth Circuit Court of Appeals (*see id.*). *See* Mincoff, Notice of Appeal, ECF No. 213 (S.D. Cal. Feb. 1, 2008). The Ninth Circuit affirmed the judgment on July 31, 2009. *See* United States v. Mincoff, 574 F.3d 1186 (9th Cir. 2009). The United States Supreme Court denied certiorari on January 11, 2010 (*see id.*). *See* Mincoff v. United States, 130 S. Ct. 1108 (2010) (Mem).

On January 7, 2011, Petitioner filed a counseled motion to vacate sentence in the sentencing court, pursuant to 28 U.S.C. § 2255, claiming that (1) the Government

violated Petitioner's constitutional rights by failing to provide favorable impeachment information, in violation of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972); (2) Petitioner was denied his rights under the Confrontation Clause; and (3) Petitioner received ineffective assistance of counsel (*see* ECF No. 8 at 2). *See* Mincoff, Motion to Vacate Under 28 U.S.C. 2255, ECF No. 302 (S.D. Cal. Jan. 7, 2011). The district court denied the § 2255 motion on July 26, 2011 (*see id.* at 2–3). *See* Mincoff, Order, ECF No. 311 (S.D. Cal. July 26, 2011). Petitioner appealed the order to the Ninth Circuit (*see id.* at 3). *See* Mincoff, Notice of Appeal, ECF No. 313 (S.D. Cal. Sept. 21, 2011). The Ninth Circuit affirmed the district court's order on January 13, 2014. *See* Mincoff, Mandate, ECF No. 327 (S.D. Cal. June 6, 2014).

On or about May 5, 2018, Petitioner commenced this habeas case by filing a § 2241 petition (*see* ECF No. 1). In his Amended Petition, he presents the following claims:

> Ground one: "This action is predicated upon errors of ommission [sic] and comissions [sic] made by defense counsel that rendered his assistance ineffective as a matter of law. The facts and evidence in this case will show that defense counsel's animosity toward the USA involved in the case caused him act [sic] in a manner that was not consistent with the proper representation of the Defendant/Movant"

<u>Ground two</u>: "Defense counsel acted in 'bad faith' and in a reckless manner in dealing with the Court, making the trial fundamentally unfair. Defense counsel admits in his affidavit that he made statements that could be construed to be reckless in the handling of the case. Furthermore, he attempted to cover up his actions and was ultimately sanctioned for them by the Court."

<u>Ground three</u>: "Defense counsel intentionally failed to properly advise the Defendant about the plea offer in order to steer the case toward trial. The affidavit of counsel makes it clear that his personal interest in moving the case to trial well overshadowed his responsibility to the Defendant and caused him to misrepresent the matter in its entirety."

<u>Ground four</u>: "The conflict of interest that existed should have resulted in defense counsel withdrawing from the case. The conflict of interest(s) that existed in this case should have required defense counsel to withdraw as attorney of record at the time of the conflict(s). The failure to do so substantially prejudiced the defendant's rights."

<u>Ground five</u>: "Defense counsel's conduct was so outrageous that he was sanctioned by the D[istrict] C[ourt] for being inherently obstructive and intentionally dishonest. Defense counsel was sanctioned by the Court for his conduct which was found so [sic] have literally obstructed justice because 'it frustrated the rational search for the truth' in this case."

(ECF No. 3 at 3–5).

II.  DISCUSSION

Respondent contends Petitioner's claims challenge the legality of the conviction and imposition of sentence; therefore, they must be brought in a § 2255 motion filed in the sentencing court (*see* ECF No. 8 at 3–6). Respondent additionally argues

Petitioner may not seek relief under § 2241, because he has not satisfied the "saving clause" of § 2255(e) (*id.*).

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S. Ct. 263, 96 L. Ed. 232 (1952). The habeas remedy is now codified in § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. 342 U.S. at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See* Hayman, 342 U.S. at 212–14, 218. The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the conviction and imposition of sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid

confinement. *See* Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir. 2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is primary method of collateral attack on federally imposed sentence); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. Apr. 1981) (attacks on the underlying validity of a conviction must be brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241).[1] Thus, § 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See* Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); Thomas v. Crosby, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons's administration of service credits, including calculating, awarding, and withholding, involves execution rather than imposition of sentence; thus it is a matter for habeas corpus review). Whereas, a collateral attack on the validity of a federal conviction and sentence, is properly brought under 28 U.S.C. § 2255 in the district of conviction. Antonelli, 542 F.3d at 1351; Jordan, 951

---

[1] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981, are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

F.2d at 629; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).  A defendant may not circumvent the procedural limitations on § 2255 motions simply by styling his motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Title 28 U.S.C. § 2255(e) provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).  The italicized language is known as the "saving clause."  *See* McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir.), *cert. denied* McCarthan v. Collins, 138 S. Ct. 502 (2017). The "saving clause" imposes a subject-matter jurisdictional limit on § 2241 habeas petitions.  *See id.* at 1080.

In McCarthan, the Eleventh Circuit explained:

> To determine whether a prisoner satisfies the saving clause, we ask only whether the motion to vacate is an adequate procedure to test the prisoner's claim.  And to answer this question, we ask whether the prisoner would have been permitted to bring that claim in a motion to vacate.  In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy.

McCarthan, 851 F.3d at 1086–87; *see id.* at 1079–80, 1096–99 (overruling Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013); and Mackey v. Warden, FCC Coleman-Medium, 739 F.3d 657 (11th Cir. 2014)). The McCarthan court determined that "[l]imiting the saving clause to claims that are not cognizable or that cannot be remedied under section 2255 respects the entire system of collateral review." 851 F.3d at 1092.

The McCarthan court opined that a § 2255 motion is "inadequate or ineffective to test the legality of [a prisoner's] detention," as that phrase is used in the "saving clause," only in the following limited circumstances: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate. *See* McCarthan, 851 F.3d at 1092–93.

Further, the court rejected the argument that the § 2255 remedy is inadequate or ineffective with respect to a particular claim simply because the claim was foreclosed by binding Supreme Court or Circuit precedent. *See* McCarthan, 851 F.3d at 1089. "[A] change in caselaw does not make a motion to vacate a prisoner's

sentence 'inadequate or ineffective to test the legality of his detention.'" *Id.* at 1085. Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court. *Id.* at 1087, 1089.

Here, Petitioner's habeas claims challenge the legality of his convictions and the imposition of his sentences; therefore, they are properly brought in a § 2255 motion. Petitioner has not shown that any of his habeas claims are not cognizable under § 2255, or that § 2255 could not provide a remedy for any of them. The fact that Petitioner's § 2255 motion was denied on the merits does not render § 2255 "inadequate or ineffective to test the legality of his detention." Furthermore, Petitioner has not shown that any of the limited circumstances described in McCarthan exist. Therefore, Petitioner does not qualify for review of his claims through the "saving clause" of § 2255(e). For these reasons, this district court lacks jurisdiction to consider Petitioner's habeas claims.

## III. CONCLUSION

Review of Petitioner's claims under § 2241 is unavailable because Petitioner challenges the validity of his convictions and sentences, not the execution of an

initially valid confinement.  Furthermore, he has not shown he is entitled to review via the "saving clause" of § 2255(e).  Because Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this case should be dismissed for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

That the Amended Petition (ECF No. 3) be **DISMISSED for lack of jurisdiction**.

At Pensacola, Florida this 24<u>th</u> day of September 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**